Case 1:20-cv-00110   Document 23   Filed on 10/29/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ERICA MIRE, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Cause Number 1:20-cv-110 |
| | § | |
| BRYAN TRUCK LINE, INC. | § | |
| AND SHANNON DEAN SWEENEY, | § | |
|    *Defendants*. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of "Defendants' Motion for Summary Judgment on Plaintiff's Direct Negligence Claims Against Bryan Truck Line, Inc." ("Motion") and "Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment on Direct Negligence Claims Against Bryan Truck, Line, Inc." ("Response"). Dkt. Nos. 21, 22. For the reasons provided below, it is recommended that the Court: 1) **GRANT** the Motion; and 2) **DISMISS WITH PREJUDICE** the following claims by Plaintiff, Erica Mire, against Defendant, Bryan Truck Line, Inc.: (a) negligent hiring, (b) negligent qualification, (c) negligent entrustment, (d) negligent retention, (e) negligent training, and (f) negligent supervision.

### I.     Venue and Jurisdiction

Venue is proper in this Division and District because the purported events giving rise to Mire's claims occurred here. *See* Dkt. No. 1-3 at 3 (describing events occurring in Brownsville, Cameron County, Texas);  28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions

giving rise to the claims occurred"). The Court has diversity subject matter jurisdiction over the claims because Plaintiff is a citizen of a different state than Defendants, and Plaintiff seeks more than $75,000 in damages. *See* Dkt. No. 1 at 3; *see also* Dkt. No. 1-3 at 1, 2, 4; 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

## II.     Background and Procedural History

This is a motor vehicle accident case arising out of the collision of a vehicle driven by Plaintiff, Erica Mire, with a tractor-trailer driven by Defendant, Shannon Dean Sweeney, who was employed by Defendant, Bryan Truck Line, Inc. ("Bryan Truck Line"). On September 16, 2019 in Brownsville, Texas, Sweeney, who was driving a tractor-trailer south on Cheers Street, approached a stop sign at the intersection of Cheers Street and Padre Island Highway. Dkt. No. 1-3 at 3; Dkt. No. 21 at 2; Dkt. No. 22-1 at 3. As Sweeney subsequently began turning left into an eastbound lane of Padre Island Highway, Mire's vehicle,[1] which was traveling west on Padre Island Highway, collided with the rear driver's side tires of Sweeney's tractor-trailer ("Incident"). Dkt. No. 1-3 at 3; Dkt. No. 21 at 2; Dkt. No. 22-1 at 3. Bryan Truck Line admits that, at the time of the Incident, Sweeney was acting within the course and scope of his employment and was its statutory employee for purposes of vicarious liability. Dkt. No. 1-3 at 3; Dkt. No. 6 at 2; Dkt. No. 21 at 2, 7.

As a result of the Incident, on May 21, 2020, Mire filed an Original Petition in the 107th Judicial District Court of Cameron County, Texas. Dkt. No. 1-3 at 1. In her Petition,

---

[1] 2010 Chevrolet HHR crossover vehicle.

she asserts a negligence claim against Sweeney and a vicarious negligence claim under *respondeat superior* against Bryan Truck Line. Dkt. No. 1-3 at 3. Mire also asserts the following direct negligence claims against Bryan Truck Line: (a) negligent hiring; (b) negligent qualification; (c) negligent entrustment; (d) negligent retention; (e) negligent training; and (f) negligent supervision ("Direct Negligence Claims"). Dkt. No. 1-3 at 4.

On July 22, 2020, Bryan Truck Line and Sweeney removed the lawsuit to this Court. Dkt. No. 1 at 1. On September 13, 2021, Bryan Truck Line and Sweeney moved for summary judgment on the Direct Negligence Claims only. Dkt. No. 21 at 1. On October 4, 2021, Mire filed her Response, in which she attempts to dismiss her negligent hiring, negligent qualification, negligent entrustment, and negligent retention claims,[2] while maintaining that her negligent training and supervision claims against Bryan Truck Lines should survive summary judgment. Dkt. No. 22 at 2. However, Mire's attempt to "withdraw" or dismiss some claims fails to comply with Federal Rule of Civil Procedure 41.[3] Fed. R. Civ. P. 41. Thus, all six of Mire's Direct Negligence Claims are still pending. The Motion and Response are now ripe for consideration.

### III.   Discussion

#### A.   Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

---

[2] Mire states "Plaintiff withdraws her claims of negligent hiring, qualification, entrustment and retention . . ." Dkt. No. 22 at 2.
[3] Bryan Truck Line has previously filed its Answer, Mire has not filed a stipulation of dismissal signed by all parties who have appeared, and Mire has not explicitly requested that the Court issue an order dismissing her negligent hiring, negligent qualification, negligent entrustment, and negligent retention claims, either with or without prejudice. *See* Fed. R. Civ. P. 41.

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

B. **The lack of a gross negligence claim and Bryan Truck Line's vicarious liability stipulation preclude the Direct Negligence Claims.**

Bryan Truck Line asserts that Mire's Direct Negligence Claims fail because direct and vicarious negligence claims against an employer stipulating to vicarious liability are mutually exclusive; thus, Bryan Truck Line's stipulation of vicarious liability for Sweeney's actions with respect to the Incident precludes the Direct Negligence Claims. Dkt. No. 21 at 7. Bryan Truck Line concedes that ". . . Sweeney was a statutory employee of Bryan Truck Line at the time of the accident for the purposes of vicarious liability." *Id.*

In her Response, Mire argues that "[d]irect negligence claims and vicarious liability claims against Bryan Truck Line are not mutually exclusive." Dkt. No. 22 at 11. Critically, Mire cites no authority in support of this argument. *See id.* Moreover, her implied concession that the direct negligence claims of negligent hiring and negligent entrustment are mutually exclusive with respect to vicarious negligence claims does not comport with her assertion above. *See id.* Further, she fails to assert why other direct negligence claims, such as negligent qualification, negligent retention, negligent training, and negligent supervision, are not also mutually exclusive with respect to vicarious negligence claims. *See id.*

Mire also argues that "corporations cannot shield themselves from direct liability for these [direct negligence] claims by simply" stipulating to vicarious liability and that

"Bryan Truck Line cannot sidestep its own liability for negligent training and supervision by stating Sweeney was in the course and scope of his employment." Dkt. No. 22 at 11. Again, Mire cites no supporting authority. *See id.*

Mire does cite the Federal Motor Carrier Safety Regulations and the Texas Transportation Code for the proposition that Bryan Truck Line had an independent duty to train Sweeney, but Mire does not explain how such a purported duty renders the negligent training claim not precluded by the vicarious liability stipulation. Dkt. No. 22 at 7-8.

In finding that an employer's stipulation of vicarious liability for any negligence committed by its employee precludes the assertion of direct liability claims against it, this Court has held as follows:

> With regard to this issue, Texas courts have underscored that, in matters involving only ordinary negligence, a direct liability claim . . . and a claim resulting in vicarious liability under *respondeat superior* could be mutually exclusive modes of recovery. This occurs only when a plaintiff pleads ordinary negligence (versus gross negligence) against an employer and employee, and the employer's liability for its employee's negligent acts has been established throughout a stipulation of vicarious liability. In other words, if vicarious liability is not contested, the employee's competence and **the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant**, as long as a plaintiff pleads ordinary negligence.

*Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009) (internal citations omitted) (emphasis added); *see also Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.) (where the court found that "[w]here only ordinary negligence is alleged, . . . negligent hiring and *respondeat superior* are mutually exclusive modes of recovery" and "[i]n cases where the plaintiff was relying upon the theory of negligent entrustment of a motor vehicle, the courts have refused to permit the plaintiff to proceed with this separate ground of recovery against the owner where the

derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment." (italics added).).

Here, Mire asserts a simple negligence claim against Sweeney, simple vicarious negligence claim against Bryan Truck Line, and the Direct Negligence Claims against Bryan Truck Line. Dkt. No. 1-3 at 3-4. Thus, Mire has not asserted a gross negligence claim.

Bryan Truck Line stipulates that, at the time of the Incident, Sweeney was acting within the course and scope of his employment and was its statutory employee for purposes of vicarious liability. Dkt. No. 1-3 at 3; Dkt. No. 6 at 2; Dkt. No. 21 at 2, 7. Under *Williams v. McCollister*, Bryan Truck Line's vicarious liability stipulation precludes Mire's Direct Negligence Claims. *See Williams*, 671 F.Supp.2d at 888. Thus, Mire's negligent hiring, negligent qualification, negligent entrustment, negligent retention, negligent training, and negligent supervision claims against Bryan Truck Line fail.

### C. Chapter 33 of the Texas Civil Practice & Remedies Code does not affect the mutual exclusivity of the Direct Negligence Claims and vicarious negligence claim in this case.

Mire also argues that Chapter 33 of the Texas Civil Practice and Remedies Code, which provides that the trier of fact shall determine the percentage of responsibility for each claimant and defendant, renders her negligent training and negligent supervision claims not precluded by Bryan Truck Line's stipulation of vicarious liability. *See* Dkt. No. 22 at 12; *see also* Tex. Civ. Prac. & Rem. Code § 33.003(a). However, in finding that an employer's stipulation of vicarious liability precludes direct liability claims against it, regardless of Chapter 33, this Court has held as follows:

> Thus, in general, Texas courts addressing the interaction between Chapter 33 and theories of derivative liability, such as negligent hiring and negligent entrustment, have held that the hiring or entrusting employer's negligence should not be submitted for apportionment. . . . *Conkle v. Chery,* 2009 WL 483226, at *4 (Tex. App.—Austin, February 25, 2009, no pet.) (noting that Texas courts have generally held that Chapter 33 does not require a party who is vicariously liable for a tortfeasor's actions to be included in the jury's apportionment decision); *Rosell* [*v. Cent. W. Motor Stages, Inc.*]*,* 89 S.W.3d [643, 657 Tex. App.—Dallas 2002, pet. denied]) (holding that because the degree of negligence of the employer is of no consequence under a theory of derivative liability such as negligent hiring, the lower court did not err in apportioning fault among only those directly involved in the accident); *but see Bedford* [*v. Moore*]*,* 166 S.W.3d [454, 461–63 (Tex. App.—Fort Worth 2005)] (holding that negligent entrustment requires the owner to be included in the apportionment question). In reaching this conclusion, the courts reason that once negligent hiring or entrustment is established, liability for the employee's negligent operation of the vehicle is passed on to the employer, and the employer's acts are of no consequence in determining its degree of responsibility.
>
> Here, [the employer]'s liability for any negligence on the part of [its employee] in connection with the accident at issue has already been established through its stipulation of vicarious liability. . . . If [the employee's] negligent conduct is found to be the proximate cause of Plaintiff's injuries, questions regarding [the employee's] competence as an employee and whether he **received proper supervision and training become irrelevant for purposes of assessing liability**. The logical approach under Chapter 33 would appear to be to apportion fault among only those directly liable for the accident at issue, and to hold the employer liable for the amount of fault apportioned to its employee. As such, Chapter 33 does not affect the legal principles set out in *Estate of Arrington* and *Rosell*. For the reasons stated above, [the employer's] motion for summary judgment on Plaintiff's claims for negligent hiring, supervision, training, and retention of [its employee] should be GRANTED.

*Williams*, 671 F. Supp. 2d at 891–92 (certain citations omitted) (emphasis added).

Chapter 33 does not require any of the Direct Negligence Claims, including the negligent training and negligent supervision claims, to be submitted to the jury. Bryan Truck Line's liability for any negligence allegedly committed by Sweeney has already been established through its stipulation of vicarious liability. If the jury finds that Sweeney's purportedly negligent conduct proximately caused Mire's injuries, then questions

regarding whether Sweeney received proper supervision and training become irrelevant for purposes of assessing liability. *Id.* at 892. Under Chapter 33, the jury would apportion fault among only those directly liable for the Incident, and Bryan Truck Line would be held liable for the amount of fault, if any, apportioned to Sweeney. *Id.* Thus, as the plaintiff's Chapter 33 argument failed before this Court in *Williams*, Mire's Chapter 33 argument fails for the same reasons here.

### D.    Competence of Sweeney and Duty to Train and/or Supervise

As discussed above, the lack of a gross negligence claim and Bryan Truck Line's vicarious liability stipulation preclude Mire's Direct Negligence Claims. Thus, Bryan Truck Line's arguments regarding the competence of Sweeney and whether it had a duty to train and/or supervise him are not addressed herein.

## IV.    Recommendation

For the reasons above, it is recommended that the Court: 1) **GRANT** the Motion; and 2) **DISMISS WITH PREJUDICE** the following claims by Plaintiff, Erica Mire, against Defendant, Bryan Truck Line, Inc.: (a) negligent hiring, (b) negligent qualification, (c) negligent entrustment, (d) negligent retention, (e) negligent training, and (f) negligent supervision.

## V.    Notice to Parties

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **29th** day of **October, 2021, at Brownsville, Texas.**

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**